# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LARON M. DANIELS, | ) | |
| Movant, | ) | |
| v. | ) | No. 4:09CV1093 DJS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct illegal sentence pursuant to 28 U.S.C. § 2255. The motion will be summarily denied.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the Court is required to conduct an initial review of the motion. Upon review, the Court is required to summarily dismiss the motion "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief . . ." Rule 4 of the Rules Governing § 2255 Proceedings.

### Background

On February 7, 2008, movant was indicted for possession with intent to distribute more than five grams of cocaine base (crack). See United States v. Daniels, 4:08CR86 DJS (E.D. Mo.). On April 8, 2008, movant pled guilty. In the plea agreement, movant agreed that all factors relevant to sentencing had been addressed.

He agreed that "the recommendations contained [in the agreement] fairly and accurately set forth the [Sentencing] Guidelines applicable to [his] case." He then agreed that "the Court should use these recommendations in determining the defendant's sentence along with any other factors specified in [the] agreement." Movant also waived his right "to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel."

On June 27, 2008, the Court sentenced movant to a 77 month term of imprisonment, to be followed by 4 years of supervised release. Movant is currently incarcerated at FCI Terre Haute.

In his motion to vacate, movant argues that his sentence should be reduced based upon a case decided by the United States District Court for the Northern District of Iowa, United States of America v. Gully, ---F..Supp.2d.---, 2009 WL 1370898, (N.D. Iowa May 18, 2009), in which the Honorable Mark W. Bennett advocated for the use of a 1:1 crack-to-powder ratio as the appropriate sentencing methodology in crack cocaine cases. Movant asserts that applying a similar ratio to his case would reduce his sentence from 77 months to somewhere between 21 and 27 months imprisonment.

**Standard**

The statute sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the Court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; Hill v. United States, 368 U.S. 424, 426-27 (1962).

**Discussion**

Movant's argument, that a 1:1 ratio should discretionarily be applied retroactively to his sentence, is untenable under § 2255, as it does not fall under any of the four grounds upon which a federal prisoner may base a claim for relief. Moreover, the argument largely ignores the fact that the decision to depart from the guidelines and apply a different sentencing ratio to different defendants (other than those that trigger the statutory mandatory minimum sentences) is largely a judgment which must be made by each district judge, in accordance with the facts and circumstances surrounding each individual case. See, e.g., Kimbrough v. United States, 552 U.S. 85 (2007); Spears v. United States,--- U.S.---, 129 S.Ct. 840, 843-44 (2009). The Court already made this judgment in movant's case, resulting in movant's 77 month term of imprisonment.

Regardless, movant waived his right to file post-conviction proceedings, thus, his motion to vacate must be summarily denied.

Additionally, because movant has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED**.

Dated this   20th   Day of July, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE